JONAH WOODBERRY, EXECUTOR OF A. W. HINSON, APPELLANT, VS. JOHN P. MATHERSON, EXECUTOR OF MARY HINSON, APPELLEE.

1. When the wife survives the husband, and becomes entitled to dower in his real and personal estate, but dies before it is allotted and set apart to her, her personal representative can sustain an action against the personal representative of the husband, to have the dower in such deceased husband's personal estate set apart to him.

2. Dower, in its technical and popular acceptation, refers exclusively to real estate, and according to Blackstone, "has reference to that portion of the lands or tenements of a man, which his widow enjoys during her life, after the death of her husband." In this State, however, it has a broader signification by statute, including her interest, not only in the realty, but also in the personalty of her deceased husband. (Laws, 1828, 1838,) 10 Fla., 258.

3. The right of dower in the husband's real estate contemplates that one-third of such estate, of which he died seised and possessed, &c., should be allotted and set off to his widow, such third part to inure to her proper use and behoof in and during the term of her natural life. The right of dower in the personal property, if there be more than one child, contemplates that one-third of such personal property shall be set off to such widow as hers in "fee simple."

4. The words "fee simple," as used in the laws "concerning dower," denotes an estate of inheritance or an estate without condition or restriction. It is an absolute estate in perpetuity. The right of the widow to one-third of the personalty as fixed by the law, is a vested interest, and cannot be affected or defeated by her subsequent death.

5. When the widow dies entitled to dower in the personal estate of her deceased husband, without having the same allotted to her under the law, such right passes to her personal representative as assets of her estate, and may be by such representative recovered.

Appeal from the Circuit Court for Gadsden county. The facts of the case are stated in the opinion.

*Stephens & Love* for Appellant.

*John W. Malone* for Appellee.

Mr. Justice VanValkenburgh delivered the opinion of the court:

On the 20th day of April, 1882, John P. Matherson, as executor of the last will and testament of Mary Hinson, deceased, filed his bill in chancery against Jonah Woodberry as executor of the last will and testament of A. W. Hin-

son deceased. The bill charges that Mary, who was a widow, without children, intermarried with A. W. Hinson, a widower, with children by a former wife; that A. W. Hinson in his life time made a will, which was not satisfactory to the said Mary, his wife; that in November, 1881, A. W. Hinson died, seised and possessed of real and personal property, moneys and choses in action of considerable value, leaving the said Mary, his wife, and two children by a former wife, him surviving; that his will was admitted to probate and letters testamentary granted to Jonah Woodberry. In January, 1882, Mary, his widow, filed her written dissent to the said will in pursuance of law and her election to have and take dower in the real and personal estate of her said husband; that said widow was entitled to dower in and to about 665 acres of land in Gadsden county, and was entitled to one-third share of the personal estate of which her said husband died seised and possessed, as well as one year's provisions for herself and family; that in January, 1882, the said Mary filed her petition in the probate court in and for Gadsden county, praying dower in the real estate, and that one-third part of the personal estate be allotted to her and she be put in possession of the same; that before any judgment or decree of the said court was rendered on such petition, and about the 15th day of February, 1882, the said Mary Hinson died, leaving a last will and testament, whereupon the proceedings in the probate court abated; that in March, 1882, the will of the said Mary was admitted to probate and letters testamentary were granted to the said John P. Matherson, the plaintiff; that the appraisal value of the personal property of A. W. Hinson, exclusive of moneys and choses in action, was $1,925.35, and of money and choses in action not inventoried of great value, which ought to be discovered, &c.; that the third of said property to which the said Mary

Hinson was entitled was not set apart and delivered to her during her life, nor has it since been set apart or delivered to the executor, this plaintiff. The complainant prays that the third portion of the personal property, or the value thereof if sold, may by a decree be allotted and set apart to him, also for a discovery.

To this bill the defendant by his counsel demurred upon the ground that the said complainant " has not by his said bill made such a case as entitles him in a court of equity to any discovery from this defendant, or to any relief against him."

The Chancellor overruled the demurrer on the 8th day of September, A. D. 1882, and the defendant brings the case into this court by appeal.

The petition of appeal assigns for error that the decree overruling the demurrer is erroneous in holding that under the statutes of this State, in such cases made and provided, the widow of A. W. Hinson on his death became entitled to one-third part in fee simple of his personal estate, and that she had the right to dispose of the same by will or otherwise, although the proceedings instituted by her to have it set aside and allotted to her were not consummated before her death.

There is no objection to the forum in which this action is brought, and the only question presented for adjudication is, whether, when the wife survives the husband, and becomes entitled to dower in his real and personal estate, but dies before it is allotted and set apart to her, her personal representative can sustain an action against the personal representative of her husband, to have the dower in such husband's personal estate set apart to him. Dower in its technical and popular acceptation refers exclusively to real estate, and according to Blackstone has reference to that portion of the lands or tenements of a man which his

widow enjoys during her life, after the death of her husband. In this State, however, it has a broader signification, by statute, including her interest not only in the realty but also in the personalty of her deceased husband. The act approved November 7, 1828, as well as the act amending the same, approved February 8, 1838, are entitled as acts " concerning dower." The first of which acts, by the first section, provides, " that when any person shall die intestate, or shall make his last will and testament, and not therein make any express provision for his wife, by giving and devising unto her such part or parcel of real and personal estate as shall be fully satisfactory to her, such widow may signify her dissent thereto, * * * at any time within one year after the probate of such will, and then and in that case shall be entitled to dower in the following manner, to-wit," &c.

The second section of the same act provides, " that when a husband shall die intestate, or shall make his last will and testament, and not make provision for his wife as expressed in the first section of this act, she shall be entitled to a share in the personal estate in the following manner, to-wit : If there be no children, or if there be but one child, in that case she shall be entitled to one half, but if there be more than one child, in that case she shall be entitled to one-third part in fee simple, except slaves, in which she shall have a life estate, and such claim shall have preference over all others."

The act of February 8, 1838, amending an act " concerning dower," is as follows : Section 1. Be it enacted, &c., " That in all cases in which the widow of a deceased person may be entitled to dower, under the statute of which this is an amendment, she shall make her election either of dower or of a child's part, within twelve months after the probate of the will or granting letters of administration, or shall be confined to her dower."

" Section 2. That if a widow take dower she shall be entitled only to a life estate in the real property, to return at her death to the estate of her deceased husband for distribution; if she takes a child's part she shall have in the property set apart to her a fee simple estate in the real property, and an absolute title to the personal property, including slaves, with power to control or dispose of the same by will, deed or otherwise."

In the case at bar the dissent from the provisions of the will was filed in pursuance of the statute and the widow elected to have and take dower in the real and personal estate, her husband having two living children at the time of his death by a former wife. This court in the case of Smith and Wife vs. Hines, Adm'r, 10 Fla., 258, have determined that the widow can take dower under the above cited laws in the personal property left by her deceased husband. In that case the court says: "A right to dower is an interest contingent during the life of the husband, but rendered absolute by his death. Now, our statute having extended dower to *personal estate*, she has the same inchoate estate in personal property that she has in real, excepting in personal estate it is not provided that she shall have it in that which he *had before conveyed*, as in lands; but, in the third section, providing the manner of proceeding to have dower set apart, it is stated that the sheriff and commissioners " shall also at the same time allot and set off to such widow her portion of the personal estate of which her husband *died possessed*. From this view it follows that the right of dower in personal property in this State is an inchoate interest, contingent during the life of the husband, but rendered absolute by his death. The right is of double contingency, viz: he may before death sell or give it away, and she may not survive him." Again the court says: " The late Court of Appeals, in the case of Ellis and Wife

vs. C. Parish, Widow, &c., in giving construction to this act, laid down and decided that 'dower' means not only the common law provisions of a life estate in one-third of the real estate, but *also* the other provision secured by that act, viz: an interest in slaves and other personal property." In this opinion we concur. See also Harrell vs. Harrell and others, 8 Fla., 46.

The right to dower in the husband's real estate contemplates that one-third part of such real estate of which the husband died seised and possessed, &c., should be allotted and set off to the widow, such third part to inure to the widow, such third part to inure to her proper use and behoof in and during the term of her natural life. The right of dower in the personal property of the husband, if there be more than one child, contemplates that one-third part of such personal property as her husband shall have died possessed of shall be allotted and set off to such widow, and shall " inure to such widow, her heirs, executors, administrators and assigns forever."

It is argued by the counsel for the appellant that the widow's right to dower in the personalty is extinguished by her death, as no allotment of the lands could be made to her, our statute requiring that the personal property shall be set off to her, when the allotment of the real estate is made. This can hardly be the true interpretation of the statute, as it, in Section 2 of the Law of 1828, provides in reference to *personal estate*, " if there be no children, or if there be but one child, in that case she shall be entitled to one-half, but if there be more than one child in that case she shall be entitled to one-third in *fee simple*." In Section 2, Laws 1838, it is provided that " if she takes a child's part she shall have, in the property set apart to her, a fee simple in the real property, and an absolute title to the personal property, including slaves, with power to control or dis-

pose of the same by will, deed or otherwise." In either event whether she took by virtue of her right to dower under the law of 1828, or whether she took a child's part under the law of 1838, her title to the personal estate became perfect and absolute upon the death of her husband. The word fee simple denotes an estate of inheritance, or an estate without condition or restriction. The owner of such an estate has the sole power to control and dispose of the same, without let or hindrance. It is an absolute estate in perpetuity, and the largest possible estate a person can have. The right of the widow to one-third of the personalty as fixed by the law is a vested interest, and such right cannot be affected or defeated by either her subsequent marriage or death. If she dies, although the property may not have then been reduced to possession, it goes to her personal representative as assets of her estate, and may be by such representative recovered. Foster vs. Fairfield, 20 Pick., 67; Mills vs. Marshall, 8 Ind., 54; Howland vs. Heckscher, 3 Saund. Ch., 519; Harper vs. Archer, 28 Miss., 212.

The fact, that by her death, her right of dower in the real estate of which her husband died seised and possessed is abated, in no way affects her right to her interest in the personal property; and although the law provides that the commissioners who allotted and set off the real estate to her (in case the same had been done) should also set off to her her portion of the personal estate, yet, the fact that no such allotment was made does not deprive her of her interest in, or right to such property.

Section first, of the law of 1828, provides that the widow shall be entitled to dower in the following manner, to-wit: "One-third part of all the lands, tenements and hereditaments of which her husband died seised and possessed, or had before conveyed, whereof said widow had not relinquished her right of dower as heretofore provided for by

law, which third part shall be and inure to her proper use and behoof in and during the term of her natural life."

The second section provides: " If there be more than one child, she shall be entitled to one-third part of the personal estate in fee simple."

The law of 1838 makes the distinction between the widow's dower and a child's part. If she elects under that law to take a child's part, " she shall have in the property set apart to her a fee simple in the real property and an absolute title to the personal property."

Under the law and the previous decisions of this court, holding that the right of dower extends to title in personal property, the decree of the chancellor is affirmed.