## COOPER v. TAYLOR.

### No. 6283.

Circuit Court of Appeals, Fifth Circuit.

Jan. 12, 1932.

James D. Moran and Herbert S. Phillips, both of Tampa, Fla., for appellant.

R. C. Brown, of Tampa, Fla., for appellee.

H. P. Osborne and John M. McNatt, both of Jacksonville, Fla., amici curiæ.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

On the petition of Joseph W. Taylor, bankrupt, orders were entered by the District Court setting aside to him personal property of the value of $1,000 as exempt under the Constitution of Florida, and in addition the cash surrender values, aggregating about $3,600, of several policies of insurance on his life as exempt under § 7066, Compiled General Laws. Each of the policies is payable to the bankrupt's wife, but reserves to the insured the right of changing the beneficiary. The trustee in bankruptcy appeals on the single ground that the constitutional exemption, which he concedes was properly allowed, is exclusive, and hence cannot validly be enlarged by statute.

Section 6 of the Bankruptcy Act recognizes and gives effect to the exemptions which the states prescribe, 11 USCA § 24; and if such exemptions include the cash surrender value of an insurance policy on the life of a bankrupt, section 70a (5), 11 USCA § 110 (a) (5) which makes such cash surrender value an asset of the bankrupt estate subject to the bankrupt's right of redemption, is inapplicable. Holden v. Stratton, 198 U. S. 202, 25 S. Ct. 656, 49 L. Ed. 1018. The exemption article of the present Constitution, adopted in 1885, above referred to, provides:

"A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars worth of personal property, and the improvements on the real estate, shall be

exempt from forced sale under process of any court," etc. (Article 10, § 1.)

The Constitution of 1868, which was superseded by the Constitution of 1885, contained the same provision. Chapter 1864, Acts of 1872, except for the provisos which were added in 1897 and 1903, now appears without substantial change as section 7065 of the Compiled General Laws of 1927, and is as follows:

"Whenever any person shall die in this State leaving insurance on his life, the said insurance shall inure exclusively to the benefit of the child or children and husband or wife of such person in equal portions, or to any person or persons for whose use and benefit such insurance is declared in the policy; and the proceeds thereof shall in no case be liable to attachment, garnishment or any legal process in favor of any creditor or creditors of the person whose life is so insured, unless the insurance policy declares that the policy was effected for the benefit of such creditor or creditors: Provided, however, that whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his or her executors, administrators or assigns, the proceeds of the insurance may be bequeathed by the insured to any person or persons whatsoever or for any uses in like manner as he or she may bequeath or devise any other property or effects of which he or she may be possessed, and which shall be subject to disposition by last will and testament."

That section, it was held by the federal District Court for the Southern district of Florida and by this court, in bankruptcy cases, speaks as of the date of death of the insured, and does not have the effect of exempting to the insured during his lifetime the cash surrender value of a life insurance policy. In re Long (D. C.) 282 F. 383; In re Morgan (D. C.) 282 F. 650, affirmed on appeal in (C. C. A.) 286 F. 922. For the purpose of overturning those decisions, the Legislature of Florida in 1925 passed the act which is here challenged as unconstitutional. That act appears in the Compiled General Laws as section 7066, and is as follows:

"The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the State of Florida, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor or creditors of the person whose life is so insured, unless the insurance policy was effected for the benefit of such creditor or creditors."

The question of the constitutionality of section 7066 has not been passed upon by the Supreme Court of Florida. Assuming that question to be an open one in Florida, appellant cites Duncan v. Barnett, 11 S. C. 333, 32 Am. Rep. 476; In re How, 59 Minn. 415, 61 N. W. 456; and Skinner v. Holt, 9 S. D. 427, 69 N. W. 595, 62 Am. St. Rep. 878, interpreting the homestead and exemption articles contained in the Constitutions of those states as withholding from the Legislature power to enlarge the exemptions. The Constitution of South Carolina exempts personal property "not to exceed in value" the sum of $500, and therefore is more restrictive than the Florida Constitution. In each of the Constitutions of Minnesota and South Dakota a reasonable amount of property is exempt, and it was held merely that the statutory exemption was unreasonably large in amount. Exemption provisions more nearly like the one under consideration are to be found in the Alabama Constitution of 1875, which provides "every homestead not exceeding 80 acres," or, in lieu thereof, "any lot in the city, town, or village, * * * not exceeding the value of two thousand dollars," shall be exempt; and in the Constitution of Kansas, which provides that "a homestead to the extent of 160 acres of farming land, or of one acre within the limits of an incorporated town or city occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law." Each of these provisions was held not to be a limitation upon the power of the Legislature to enlarge the exemption. Miller v. Marx, 55 Ala. 322; Towle v. Towle, 81 Kan. 675, 107 P. 228, 27 L. R. A. (N. S.) 550. But we are of opinion that the Florida Supreme Court has decided, in harmony with the decisions in Alabama and Kansas, that the exemption provision contained in § 1, article 10 of the Constitution of that state, is not exclusive and is not a limitation upon statutory exemptions of life insurance. If it has so decided, it is of no consequence that decisions from other states are to the contrary; for the right must be accorded to the court of last resort of each state to construe and interpret its own state Constitution. In Milam v. Davis, 97 Fla. 916, 123 So. 668, 688, the constitutionality of section 7065 was attacked upon the same ground as is here urged against the validity of section 7066. D. P. Davis died leaving upwards of $200,000 of insurance on his life. Some of the policies were payable to himself, others to his estate or his administrators, but none was payable to any creditor. He died with-

out assigning any of them, but left a will in which he made no provision for his widow. In Florida the widow has the right of dower in personalty as well as in real property. Her husband is powerless to deprive her of this right by will; by dissenting from his will she is entitled at her election to dower free from his debts, or to a child's part subject to the claims of creditors. Smith v. Hines, 10 Fla. 258; Woodberry v. Matherson, 19 Fla. 778. Davis' widow dissented from his will and elected to take dower. In allowing her claim of dower in the proceeds of the life insurance, the court said: "Controlling laws may justly classify life insurance for separate and appropriate regulation, as to its acquisition, its transfer, or assignment, its beneficiaries, its descent or other disposition, and its exemption from the debts of the insured. * * * Life insurance in any amount may lawfully be acquired by the head of a family payable after his death for the benefit of his wife and children, which the statute may exempt from the claims of subsequent creditors without violating any right of such creditors, since the organic provision exempting a stated amount of the general personal property of the insured is not exclusive and is not a limitation upon any and all statutory exemptions in property of any kind or nature. The organic exemption was not intended to apply to life insurance acquired and payable as in this case, for the reason that such insurance is a peculiar species of property payable for the benefit of the family after the death of the insured, and the proceeds collectable after his death are not a part of the 'personal property' owned by the head of a family as contemplated by article 10 of the Constitution of 1885." That the court intended to hold that life insurance, as distinguished from the proceeds thereof, was exempt clearly appears in other parts of the opinion. It was also held that the original act of 1872 was passed in furtherance of a public policy to encourage the making of suitable provision for the family. Two propositions, it seems to us, are announced in the language above quoted: First, that the constitutional exemption is not exclusive, or a limitation upon legislative power; and, secondly, that life insurance is personal property of such peculiar nature that the constitutional exemption was not intended to apply to it. If the proceeds of life insurance are exempt under either theory, it would seem to follow, necessarily, that the Legislature has the power to exempt the cash surrender value of a life insurance policy. The public policy of exempting such proceeds for the benefit of the wife and children would oftentimes be defeated if the cash surrender value were subject to the claims of creditors. That would usually be the case where the insured became bankrupt. So, as a means to an end, in our opinion, the Legislature had the right to exempt the cash surrender value.

The judgment is affirmed.