QUESTION: Is an investment adviser, deemed by Ch. 517, F.S., to be a dealer, but who does not deal in securities required to file a surety bond in the amount of five thousand dollars or fifty thousand dollars?
SUMMARY: Pursuant to Ch. 74-278, Laws of Florida, the bond requirement of s. 517.12(2), F.S., for dealers as that term is broadly defined by Ch. 517, F.S., is five thousand dollars if the dealers are not members of the Securities Investor Protection Corporation and not dealers in securities. The bonding requirement for dealers in securities when such dealers are not members of the Securities Investor Protection Corporation, and dealers in certain governmental securities who deal solely and exclusively in such securities within the purview of s. 517.15, is fifty thousand dollars. An investment adviser, though a dealer, is not a dealer in securities and therefore need only file a five thousand dollar bond pursuant to s. 517.12(4) as amended by Ch. 74-278. With the enactment of Ch. 74-278, Laws of Florida, the legislature has provided for certain changes in the surety bonding requirements of dealers within the purview of Ch. 517, F.S. At first glance, s. 1 and s. 2 of Ch. 74-278, Laws of Florida, appear to be inconsistent. For instance, s. 1 of the law appears to amend s.517.12, F.S., to provide that dealers not members of Securities Investor Protection Corporation file a five thousand dollar surety bond. Section 2 of the law appears to amend ss. 517.13, 517.14, and 517.15, F.S., to provide that dealers file a fifty thousand dollar surety bond or other deposit in lieu thereof. However, upon careful analysis of the law and of these sections of Ch. 517, it is possible to resolve these apparent differences so that there are no conflicts in the law. As stated in the case of Goode v. State, 39 So. 461 (Fla. 1905), at p. 463: It is the general rule, in construing statutes, "that construction is favored which gives effect to every clause and every part of the statute, thus producing a consistent and harmonious whole. A construction which would leave without effect any part of the language used should be rejected, if an interpretation can be found which will give it effect." 26 Amer. Eng. Ency. Law (2nd Ed.) 618; Sams v. King,18 Fla. 557; Hall v. State, 39 Fla. 637, text 674, 23 So. 119. Before closely analyzing the statutes one must bear in mind that Ch. 517, F.S., broadly defines the term "dealer," with respect to securities. Certain individuals and entities not traditionally deemed to be dealers are brought within the Florida definition. For instance, s. 517.02(4)(d) provides that the term dealer includes investment advisers. It should be noted that an investment adviser does not deal in or sell securities, but merely renders advice, sometimes through writings and publications, to investors. Section 517.12(8) also provides that an issuer of a security required to be registered is deemed to be a dealer. Issuers do sell their own securities but do not deal in the securities of others or handle or have custody of customers' funds or securities. They are not traditionally deemed to be dealers. In applying the dictates of Goode v. State, supra, to the instant situation, we find that s. 517.12, F.S., as amended by Ch. 74-278, supra, clearly provides that a bond is required of a dealer not a member of Securities Investor Protection Corporation, which bond shall be in the sum of five thousand dollars. In this section it is clear that the term dealer is used in the broadest sense afforded by Ch. 517, supra. Therefore, all individuals and entities, whether traditionally deemed to be dealers or not, who are statutorily defined by s. 517.02(4) to be dealers must comply with the provisions of the section. Next, s. 517.13, F.S., as amended, says: "The surety bond required of dealers in certain securities under s. 517.12, F.S., shall be in substantially the following form. . . ." (Emphasis supplied.) The section then requires a filing of a fifty thousand dollar surety bond. This section quite clearly means that of those dealers who are required to file a bond under s. 517.12, F.S., i.e., those who are not members of Securities Investor Protection Corporation, and those who deal in securities, as opposed to all dealers as generally defined, shall file a fifty thousand dollar surety bond. In this sense s. 517.13, as amended, is not inconsistent with s. 517.12. Finally, s. 517.15, F.S., as amended, merely provides a fifty thousand dollar surety bond for dealers in certain governmental securities, and s. 517.14, F.S., as amended, merely provides that in lieu of a bond an applicant may deposit fifty thousand dollars in cash or securities with the department. Thus interpreted, all provisions of Ch. 74-278, supra, are operative, effective, and consistent. All conform with the principles of Goode v. State, supra, and of Bryan v. Landis, 142 So. 650, 653 (Fla. 1932), wherein it is noted: . . . when possible, every part of an act should be given effect, and, when the same statute contains general and specific provisions on the same subject matter as is the case here, each must be given its legitimate field and scope of operation. There are two other possible interpretations of the status of Ch. 74-278, supra. The first interpretation one could argue is that the surety bond requirement remains at five thousand dollars as specified in s. 517.12, F.S. This, however, would reject the philosophy of Goode v. State, supra, in that it would constitute a construction which would leave without effect a part of the statute, i.e., all of s. 2, when in fact an interpretation can be found which will give it effect. The other interpretation which may be given to Ch. 74-278, supra, is that the surety bond required for all dealers has been amended to fifty thousand dollars. This, however, would require an implied repeal of the specific language in s. 517.12, F.S., providing for a five thousand dollar surety bond, and it would again fail to comply with the principles of Goode v. State, supra, in that effect would not be given to the language in s. 517.12. Additionally, this runs contrary to the general principles so well discussed in 82 C.J.S. Statutes s. 288, pp. 479-485: The repeal of statutes by implication is not favored. The courts are slow to hold that one statute has repealed another by implication, and they will not make such an adjudication if they can avoid doing so consistently or on any reasonable hypothesis, or if they can arrive at another result by any construction which is fair and reasonable. Finally, there remains an apparent conflict with the title of the act which specifically provides that s. 517.12, F.S., is amended to require a fifty thousand dollar bond of dealers not members of Securities Investor Protection Corporation. Remembering that a title of a bill never enacts law, and noting that in fact the surety bond required of most dealers under the above construction would be fifty thousand dollars, it is worth noting the following language of Milam v. Davis, 123 So. 668, 677, 678 (Fla. 1929): In order to give effect to the evident purpose of the statute as a whole, some phrase of which is repugnant to the remainder, or imperfectly expressed, it is sometimes permissible to transpose the position of words and phrases so as to accord with, rather than defeat, the manifest legislative intent. And there are cases where, instead of applying qualifying words and phrases to their next antecedent, as strict grammatical construction might require, they are applied distributively to that part of the subject matter to which they appear by context most properly to relate and to which they are indeed most applicable. The title to Ch. 74-278, supra, imperfectly expresses the full scope of its effect on the bonding requirement for dealers. In light of the above-cited case it would seem to be clearly proper to apply that part of the title to that part of the subject matter to which it appears by the context most properly to relate. The result of this discussion would compel the conclusion that, pursuant to Ch. 74-278, supra, the bond requirement for a dealer as broadly defined by Ch. 517, F.S., is five thousand dollars if the dealer is not a member of the Securities Investor Protection Corporation. Additionally, the bond requirement for dealers in securities who are required by s.517.12, F.S., to file a bond, i.e., those dealers not members of Securities Investor Protection Corporation, is fifty thousand dollars. Finally, a dealer in certain governmental securities who deals solely and exclusively in such securities must file a fifty thousand dollar surety bond pursuant to s. 517.15, F.S. Since an investment adviser, though a dealer, is not a dealer in securities, an investment adviser need only file a five thousand dollar surety bond as provided by s. 517.12, F.S., as amended by Ch. 74-278, supra.