**In re Raymond T. BEZARES, Marci J. Bezares, Debtors.**

**No. 9:07–bk–06636–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Dec. 6, 2007.

---

Edward R. Miller, Miller and Hollander, Naples, FL, for Debtors.

Diane L. Jensen, Fort Myers, FL, Trustee pro se.

## ORDER ON TRUSTEE'S MOTION FOR REHEARING (Doc. No. 35)

ALEXANDER L. PASKAY, Bankruptcy Judge.

On October 23, 2007, this Court entered its Order overruling the Trustee's Objection to Claim of Exemption of personal property claimed by Raymond T. Bezares and Marci J. Bezares, the Debtors in the above-captioned Chapter 7 Bankruptcy case.

In its Order, the Court ruled that the amendment by the Legislature of Florida Statute 222.25(4) increased the exemption provided by Florida Constitution, Article X, of $1,000 to $5,000 and was not an impermissible attempt by the Legislature to amend the Florida Constitution. Based on the foregoing, this Court overruled the Trustee's objection to the Debtors' claim of $5,000 exemption in personal property and allowed the claim as filed.

The Trustee timely filed her request for rehearing and since the matter under consideration was a matter of first impression, the Court granted her Motion and allowed her to furnish additional argument and case law in support of her contention that the amendment to the Statute created a limit of $4,000 on personal property exemption. Thus, the Debtors should be allowed only $4,000 as a personal property exemption.

The Court has carefully considered the argument of the Trustee and the cases cited and is satisfied that its decision under consideration was proper and should be reaffirmed for the following reasons.

The Trustee's basis for support of her objection to the Debtors' personal property exemption claim is the proposition that it is clear from the language of the amendment to Florida Statute 222.25(4) that the Legislature intended to provide a maximum of $4,000 as the allowed personal property exemption. At the time of the original hearing on this matter, neither the Trustee nor the Debtors cited any authority which had considered the reach of the amendment.

The case cited by the Trustee upon rehearing is the case of *Milam v. Davis*, 97 Fla. 916, 123 So. 668, 690, *cert. denied* 280 U.S. 601, 50 S.Ct. 82, 74 L.Ed. 646 (1929). In *Milam*, the Supreme Court of Florida considered Florida Statute 222.13, the life insurance policy exemption, and held that the Statute was constitutional stating that the "organic provision exempting a stated amount of general personal property of the insured is not exclusive and is not a limitation upon any and all statutory exemptions in property of any kind or nature." This Court is satisfied that the basic premise is correct but it does not help the Trustee's position.

The Trustee now contends that the amendment of Florida Statute 225.25(4) is a valid exercise of the Legislative power but contends that it was intended only to increase the current $1,000 maximum amount by $3,000 which can be claimed by a debtor who does not have or does not claim the constitutional homestead exemption.

Since the original hearing on the Trustee's Objection, another Bankruptcy Judge in this Court heard and decided the identical issue, as well as other issues not relevant to the matter under consideration. In the cases of *Judith A. Dicesare,* M.D.Fla., Case No. 8:07–bk–06536–MGW; *Ronald J. Dickinson, Jr.,* M.D.Fla. Case No. 8:07–bk–07029–MGW, and *Jill A. Gatto,* M.D.Fla. Case No. 8:07–bk–07394–MGW, the Court pointed out that debtors in Florida can claim the $1,000 personal property exemption provided by the Florida Constitution, Article X, Section 4(a)(2) in addition to the $4,000 by the amendment. Also debtors can claim an additional automobile up to the value of $1,000. Equally, a debtor can claim interest in professionally prescribed health aids under Florida Statute 222.25(2). Both exemptions are in addition to the $1,000 exemption granted by the Constitution.

The plain reading of the language of the amendment under consideration compel the conclusion that the $4,000 increase in personal property exemption is cumulative and in excess of the constitutional $1,000 exemption. Therefore, the previous Order which overruled the Trustee's Objection to the $5,000 personal property exemption claimed by the Debtors shall stand as entered.

In light of the foregoing, it is unnecessary to consider the Trustee's request to certify the question of the constitutionality of the amendment to the Florida Constitution Article X, Section 4, by Florida Statute 222.25(4) to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2)(A).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Rehearing be, and the same is hereby, granted and upon reconsideration the Order (Doc. No. 33) overruling the Trustee's Objection to Claim of Exemption (Doc. No. 8) entered by this Court on October 23, 2007, be, and the same is hereby, reaffirmed and the Debtors' $5,000 personal property exemption is allowed as claimed.

DONE AND ORDERED.